

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2004

# USA v. Collins

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4433

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"USA v. Collins" (2004). *2004 Decisions.* Paper 1022.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1022

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4433
_____


UNITED STATES OF AMERICA

v.

JMEAL COLLINS
a/k/a
PAUL VAN LOAN

J'Meal Collins,

Appellant
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 01-cr-00780)
District Judge:  The Honorable Jay C. Waldman


_____


Submitted Under Third Circuit LAR 34.1(a)
October 28, 2003



BEFORE: SCIRICA, Chief Judge,  NYGAARD, and AMBRO, Circuit Judges.

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant J'Meal Collins, a.k.a. Paul Van Loan, brings this appeal to his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Collins challenges the District Court's refusal to suppress the firearm that forms the basis for this conviction, contending that the police's seizure of this weapon was unlawful. We will affirm.

The events leading to Collins's arrest began when a dispatcher for the Philadelphia Police Department received a call from a woman who reported that someone she knew was driving with a handgun under the seat of his car. The caller gave a detailed description of Collins and his car, confirmed the address from which she was calling, and expressed fear that Collins would seek revenge if he knew she had called. When two police officers drove to the caller's address to speak with her further, they saw a car and driver matching the caller's description. The officers first pulled their police cruiser behind the car, and then moved the cruiser to try to block the car when the driver – later identified as Collins – started to pull away. The District Court assumed, but did not decide, that this action effectively blocked the car and prevented the driver from pulling away.

2

As they got out of the police cruiser, the officers saw Collins moving his head up and down and bending toward his right side. Both officers drew their firearms and approached the car. One officer went to the driver's side door and asked Collins to show his hands, an order which was repeated three more times before Collins complied. The officer then asked Collins to get out of the car, and he did so, walking toward the rear of his car, reaching for his waistband, and withdrawing a handgun. After one officer yelled "gun," Collins threw the handgun and ran toward the adjacent apartment complex, where he was apprehended and placed under arrest.

A jury convicted Collins of possession of a handgun by a convicted felon and the District Court sentenced him to 240 months in prison. Before trial, Collins had filed a motion to suppress the handgun that formed the basis for his indictment, contending that it was seized as a result of an unlawful arrest and an insufficiently reliable anonymous tip. Collins now contests the District Court's denial of this motion. The District Court exercised jurisdiction under 18 U.S.C. § 3231 and this Court has appellate jurisdiction over the final judgment under 28 U.S.C. § 1291.

The District Court received briefs from the parties and heard testimony and argument related to the admissibility of the gun. Based upon the facts as outlined above, the District Court found the officers acted reasonably in pursuing the caller's complaint; used reasonable force in stopping Collins, including using the police cruiser to block his car; and took reasonable precautions in proportion to the justified concerns about their

3

safety that were prompted by Collins's suspicious behavior. The Court therefore found that the officers' behavior passed the test established in *Terry v. Ohio*, 392 U.S. 1, 30 (1968), and that they had probable cause to arrest Collins and seize his gun when he pulled it from his waistband and threw it while attempting to flee. Dist. Ct. Op. 4-7.

In an argument made for the first time upon appeal, Collins now contends that the seizure of the gun was unlawful under the standard established in *United States v. Ubiles*, 224 F.3d 213, 217 (3d Cir. 2000). He maintains that, as in *Ubiles*, there was no reason for the police officers to suspect that Collins was engaged in illegal activity, since possessing a gun is not necessarily illegal, and the surrounding circumstances did not point to the presence of illegal activity. The District Court did not address this issue because it was not given the opportunity to do so. Because this theory of suppression was not brought before the District Court, we find that it has been waived, and decline to review it on its merits.[1] "A litigant cannot jump from theory to theory like a bee buzzing

---

1      Indeed, if we were to attempt to address the merits of Collins's new theory, we would be at a decided disadvantage, because the District Court was not given the opportunity to create an adequate factual record. Our prior holdings have made it clear that the question of whether or not the police had sufficient reason to suspect illegal activity is based upon a variety of highly contextual considerations. *See United States v. Valentine*, 232 F.3d 350, 356 (3d Cir. 2000); *Ubiles*, 224 F.3d at 217. In this case, these considerations might include an examination of the difference between Pennsylvania gun law and the Virgin Islands law implicated in *Ubiles*, as well as consideration of whether Collins was in a high-crime neighborhood when he was approached by police, and if the fear of reprisal voiced by the caller constituted an adequate reason for the police to suspect that Collins was dangerous. Because we find the issue to be waived, we do not address these questions further.

from flower to flower. To the precise contrary, when a party fails to raise a theory at the district court level, that theory is generally regarded as forfeited and cannot be advanced on appeal." *United States v. Torres,* 162 F.3d 6, 11 (1st Cir. 1998); *see, e.g., United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001); *United States v. Neumann*, 887 F.2d 880, 886 (8th Cir. 1989); *United States v. Di Stefano,* 555 F.2d 1094, 1100 n.5 (2d Cir. 1977).

_____

TO THE CLERK:

      Please file the foregoing opinion.


                  /s/ Richard L. Nygaard

                  _____
                  Circuit Judge